UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINA MCDOWELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:08-CV-602 SNLJ |
| ) | |
| DONALD BLANKENSHIP, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is defendants' Motion to Dismiss Plaintiffs as Improper Parties and to Require Plaintiffs to Join the Real Party at Interest (#164).  Plaintiffs Regina McDowell and S.F. Doe (through her next friend, Katherine Jones) brought this lawsuit against the Phelps County sheriff, Donald Blankenship, and his deputies Aaron Pinson, Michael Manley, and Mark Wynn.  Plaintiffs allege, among other things, that the deputies violated Jimmy Farris's Constitutional rights when they illegally detained him after pulling him over for running a red traffic signal, when they illegally searched him, and when they used unnecessary force against him.  They filed this action against the deputies involved in the altercation and against the Sheriff of Phelps County, Donald Blankenship.  At the time of Summary Judgment, three counts remained against the defendants:  Count I, 42 U.S.C. § 1983 Deprivation of Constitutional Rights by Deputies; Count III, 42 U.S.C. § 1983 Deprivation of Constitutional Rights by Sheriff Blankenship; and Count IV, Wrongful Death.

This Court granted summary judgment on Count III and Count IV.  Only Count I, the Section 1983 claim against the deputies, remains, and defendants now contend that plaintiffs —

the mother and minor daughter of the decedent — are improper parties to bring the Section 1983 claims.

> Under § 1983, state actors who infringe the constitutional rights of an individual are liable "to the party injured." 42 U.S.C. § 1983 (1994 & Supp. IV 1998). The appropriate plaintiff is obvious when a party survives his injuries, but the language of § 1983 makes no mention of permissible plaintiffs when the injured party dies. Under 42 U.S.C. § 1988(a) (1994), in this situation we look to state law to determine who is a proper plaintiff, as long as state law is not inconsistent with the Constitution or federal law. *See Robertson v. Wegmann*, 436 U.S. 584, 588–90, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978). Generally, state survival statutes govern survival of personal injury actions.

As the Eighth Circuit has observed,

*Andrews v. Neer*, 253 F.3d 1052, 1056-57 (8th Cir. 2001). The Missouri survival statute, § 537.020 R.S.Mo., requires that all suits for personal injury be brought by the personal representative of the decedent's estate. The *Andrews* court held, however, "that under Missouri law the Missouri survival statute is inapplicable" where a claim is brought under Section 1983 for injuries that cause death: "the survivorship statute apples when the injury alleged did not cause death, and the wrongful death statute applies when the injury did cause death." 253 F.3d at 1057 (quoting *Wollen v. DePaul Health Ctr.*, 828 S.W.2d 681, 685 (Mo. 1992)).

Here, plaintiffs contend they have standing to sue because the Missouri wrongful death statute, § 537.080 R.S.Mo., gives the decedent's mother and daughter standing to bring their claims where the wrongful acts complained of caused the death of the decedent. Defendants, however, argue that because the Court has dismissed the plaintiffs' wrongful death claim, the Missouri wrongful death statute no longer applies to provide the plaintiffs standing for the Section 1983 claim. This Court disagrees. According to the Eighth Circuit, the federal courts invoke the Missouri wrongful death

2

statute in order to determine standing for a Section 1983 claim where the injuries caused the death of the decedent, and that statute applies for the purpose of determining standing regardless of whether or not a separate claim could be brought by the plaintiff for wrongful death.  *See* 253 F.3d at 1056-57.  Indeed, the very terms of the Missouri survival statute (upon which defendants purport to rely) limit its reach to "causes of action for personal injuries, *other than those resulting in death*."  § 537.020(1) R.S.Mo. (emphasis added).  Defendants' argument is therefore without merit.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion to Dismiss Plaintiffs as Improper Parties and to Require Plaintiffs to Join the Real Party at Interest (#164) is DENIED.

Dated this   11th   day of February, 2013.

_____
UNITED STATES DISTRICT JUDGE